UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YULEK STEVEN DEC, derivatively on behalf of APPOLYON, INC.,<br><br>Plaintiff<br><br>v.<br><br>DONALD MCLEAN,<br><br>Defendant. | Civil Action No.: 1:24-cv-00083-CCC<br><br>PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

### I. DEFENDANT'S RULE 9(b) ASSERTION IS WRONG

The Reply asserts: "As a result, Dec claims in conclusory fashion that McLean violated the federal wire fraud statute and committed a wire fraud violation on four occasions." (internal punctuation omitted). ECF No. 21 at p.8. The gist of §2 of the Reply is that the Amended Complaint's allegations of theft and fraud do not comply with Fed. R. Civ. P. 9(b).[1]

The Amended Complaint alleges "McLean has used TWWM to defraud numerous customers." ECF No. 10, ¶22. Four different frauds are then pleaded against victims Paradigm SRP LLC (*Id.* at ¶¶23-25), Texas Gun Experience (*Id.* at ¶¶27-28), IAD2 (*Id.* at ¶¶29-30), and IAD3 (*Id.* at ¶¶31-32). The allegations state who committed the fraud (McLean), when (dates are included), what statement was

---

[1] The Rule provides, in relevant part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

fraudulent (McLean's statement to each victim that he would keep his promise and fill their order), and how the statement advanced his scheme to extract their money (he promised to fill their order if he received the money by wire). Rule 9(b) requires nothing more. *See, e.g., Lum v. Bank of America,* 361 .3d 217, 224 (3d Cir. 2004)("Plaintiffs may satisfy this requirement by pleading the date, place or time of the fraud… also must allege who made a misrepresentation to whom and the general content of the misrepresentation.")(internal quotations omitted). All of these facts are pleaded. To reiterate, McLean's Reply *does not even contend these facts are missing.* Accordingly, Defendant's Rule 9(b) argument is frivolous and must be rejected.

## II. DEFENDANT'S BUSINESS JUDGMENT RULE ARGUMENTS ARE WITHOUT MERIT.

The problem with the Reply's business judgment rule argument is two-fold. It shows the Defendant has a misunderstanding (1) of 15 Pa.C.S. § 1781 *et seq.*'s demand requirement and the exception; and (2) the business judgment rule as it relates to the basic facts to this case.

The Reply cites 15 Pa.C.S. § 1781's demand requirement, ("The demand requirement of 15 Pa.C.S. § 1781 is not a mere technicality") but fails to mention that Dec has exercised the demand exception under 15 Pa.C.S. § 1781(b)(2). *See*

ECF 21 p.3. Dec satisfied this exception as explained at length in Appolyon's Brief in Opposition. *See* ECF 20 pp.15-19.

McLean's Reply continues to discuss the business judgment rule and derivative actions, but twice admits that it does not apply. *See* ECF 21 p.p. 3-4. The Reply states, "[a]nd unless [McLean's] decisions somehow ***violate the law,*** they fall "within the scope of the business judgement rule"" and "[w]hen properly applied, and ***except for misconduct,*** the "rule should insulate offers [sic] and directors from judicial intervention."" *Id.,* citing *Cuker v. Mikalauskas,* 692 A.2d 1042 (Pa. 1997). (emphases added).

Of course, violations of the law and misconduct are the very essence of this action. Appolyon's Amended Complaint explains in detail how McLean, in violation of the law, stole $3.6M from the company. *See* ECF 10 ¶¶ 2-10, 17-21, 33-40. This theft against the corporation is objectively "misconduct" by any definition. Accordingly, the Reply's reliance on the business judgment rule, as it relates to 15 Pa.C.S. § 1781 *et seq.* or otherwise, is incoherent. Even using the Reply's own citations, the business judgment rule does not apply because McLean is directly accused of misconduct and violations of the law. McLean's business judgment rule arguments are without merit and should rejected.

Wherefore, Yulek Steven Dec, derivatively on behalf of Appolyon, Inc. respectfully requests Defendant's motion to dismiss be denied.

Dated: May 6, 2024                                **The Skeen Firm, PLLC**

By: /s/ Brian P. McLaughlin
Brian P. McLaughlin
PA I.D. No. 331695
brian@theskeenfirm.com
Brocton G. Skeen
PA I.D. No. 325164
(*Pro Hac Vice*)
bskeen@theskeenfirm.com
6 S. Main Street, Suite 210
Washington, PA 15301

**Foster, PC**
Howard W. Foster
IL ID. No.6201218
(*Pro Hac Vice*)
hfoster@fosterpc.com
150 N. Wacker Dr., Suite 4250
Chicago, IL 60606