IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YULEK STEVEN DEC, derivatively on behalf of APPOLYON, INC.,** | : CIVIL ACTION NO. 1:24-CV-83 |
| **Plaintiff** | : (Judge Neary) |
| v. | : |
| **DONALD MCLEAN,** | : |
| **Defendant** | : |

**MEMORANDUM**

This case concerns allegedly illegal business dealings facilitated through a corporation equally controlled by plaintiff Yulek Steven Dec and defendant Donald McLean. Dec, derivatively on behalf of the corporation, Appolyon, Inc., brought this case against Appolyon's co-owner, McLean, for violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*, and related state-law claims. Before the court is McLean's motion for leave to amend his answer to assert counterclaims directly and on behalf of Appolyon against Dec. (See Doc. 51). The court will grant McLean's motion.

I. **Factual Background & Procedural History**

The court assumes the parties' familiarity with this case. Briefly, Dec and McLean co-own Appolyon, a Pennsylvania corporation that purchases and sells munitions across the United States and internationally. (See Doc. 10 ¶¶ 1, 2, 12, 17). McLean also owns another munitions company called TWWM LLC.

(See id. ¶¶ 7, 17). Dec alleges that McLean used TWWM in a fraudulent scheme to steal $3.6 million from Appolyon, specifically, that McLean caused a South Carolina company to wire the $3.6 million to Appolyon to purchase munitions from Bulgaria with no intention of fulfilling the order. (See Doc. 10 ¶¶ 17-21). McLean then wired the money to Romania and TWWM. (See id. at ¶ 19). Dec further alleges that McLean has used TWWM to facilitate similar unlawful transactions for more than five years. (See id. ¶¶ 7, 22-26, 36-38).

McLean moved to dismiss Dec's amended complaint, (see Doc. 12), which the court denied. (See Docs. 31, 32). McLean subsequently filed his answer to Dec's amended complaint. (See Doc. 35). At issue now is McLean's timely-filed motion to amend his answer and to assert counterclaims against Dec, both directly and derivatively on behalf of Appolyon, pursuant to Federal Rule of Civil Procedure 15. (See Doc. 51). The motion is fully briefed and ripe for disposition. (See Docs. 52, 56, 61).

**II. Legal Standard**

Federal Rule of Civil Procedure 15 governs the filing of amended pleadings. See FED. R. CIV. P. 15(a). Rule 15(a) contemplates amendment of an existing pleading and is intended "to enable a party to assert matters that were overlooked or were unknown" when the original pleading was filed. Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473 (3d ed. 2019)).

Under Federal Rule of Civil Procedure 15, leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Circumstances that weigh

against granting leave include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. See Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is considered futile if the pleading, "as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Rule 15 aims to offer the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." United States v. Thomas, 221 F.3d 435 (3d Cir. 2000) (citation omitted).

## III. Discussion

McLean seeks leave to amend his answer to assert six counterclaims against Dec directly and derivatively on behalf of Appolyon.[1] (See Doc. 51). McLean argues that the Foman factors weigh in favor of amendment because his motion is (1) timely; (2) made in good faith based on additional information McLean learned in the course of discovery; (3) non-prejudicial to Dec because Dec will have the opportunity to address the new averments and counterclaims included in McLean's amended answer; and (4) neither the new averments nor the counterclaims are futile. (See Doc. 52 at 6-7).

Dec counters that (1) McLean is an inadequate plaintiff to bring a derivate action on behalf of Appolyon as required by Federal Rule of Civil Procedure 23.1(a) because McLean's counsel is allegedly the "driving force"

---

[1] McLean seeks to bring claims of unjust enrichment, breach of contract, and accounting on behalf of Appolyon, and claims of unjust enrichment, breach of contract, and slander directly against Dec. (See Doc. 51-1 ¶¶ 147-192).

behind these "vindictiv[e]" counterclaims; (2) McLean's counsel is an inadequate counsel to bring a derivative action because he is unqualified to bring such claims; (3) McLean's proposed counterclaim asserting slander is futile because the statute of limitations has run on this claim; (4) McLean's proposed amendment is brought both in bad faith and with undue delay because McLean has been on notice of the proposed averments and counterclaims for years but only now has brought them to forestall resolution this case; and (5) such undue delay is prejudicial to Appolyon. (See Doc. 56 at 7-14). In his reply, McLean provides Dec's interrogatory responses, which McLean did not have when he filed his answer, to refute Dec's assertion that he could have filed his counterclaims earlier. (See Doc. 61 at 8, Doc. 61-1). The court addresses each argument in turn.

    **A.    Adequacy of McLean and McLean's counsel**

Dec contends that McLean and his counsel are inadequate to bring a derivative action as required by Federal Rule of Civil Procedure 23.1(a) because McLean has "interests antagonistic to those of the class"[2] and because his counsel has no experience in this type of complex litigation. (See Doc. 61 at 7-8) (quoting Vanderbilt v. Geo-Energy, Ltd., 725 F.2d 204, 207

---

[2] Dec's opposition brief is replete with personal attacks. For example, Dec contends that McLean's counsel is attempting to use the proposed counterclaims "as a vehicle for settlement extortion." (See Doc. 56 at 8). Claims of extortion are not to be made lightly, and Dec is reminded that "[p]ersonal attacks . . . are never appropriate in any court filing." Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013) (citation omitted).

(3d Cir. 1983)). Rule 23.1(a) provides that a derivative action cannot commence where "the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." FED. R. CIV. P. 23.1(a). Our court of appeals has long held that adequate representation "depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." See Lewis v. Curtis, 671 F.2d 779, 788 (3d Cir. 1982).

Dec relies on Vanderbilt v. Geo-Energy, Ltd., in support of his argument, a case in which the plaintiffs owned a small minority of the company's stock and purported to represent a larger class of the company's shareholders. See Vanderbilt, 725 F.2d at 205-207. That case, however, has little relevance here, when Dec and McLean are equal and total co-owners of Appolyon, and McLean seeks to bring certain counterclaims to rectify harms that Dec allegedly caused to the company. Thus, McLean cannot have "interests antagonistic to those of the class" when no class exists, and McLean is the only party that can bring these claims against Dec.

Dec's arguments against the adequacy of McLean's counsel fare no better. Dec claims that McLean's counsel, rather than McLean, is the "driving force" behind the proposed counterclaims because McLean's counsel failed to plead the derivative claims with the originally filed answer "where any counterclaim was required to be raised." (See Doc. 56 at 8). That McLean did

5

not plead these counterclaims in his original answer does not evidence that McLean's counsel is somehow spearheading this litigation. And Dec is incorrect that counterclaims were required to be raised in the original answer: the court's scheduling order permitted the amendment of pleadings until November 8, 2024, and McLean timely filed his motion to amend the answer to assert counterclaims. (See Doc. 49 ¶ 2). Dec also fails to establish how McLean's counsel is unqualified to litigate these proposed derivative counterclaims against Dec, the co-owner of a privately-held corporation with only two shareholders. (See Doc. 56 at 9-10).

### B. Futility of McLean's Proposed Slander Counterclaim

Dec argues that McLean's proposed slander counterclaim is futile because it is time-barred. (See Doc. 56 at 10). Dec contends that the allegedly slanderous statements were made, at latest, in June 2022, and attaches communications with one vendor, Palmetto State Armory, purportedly in support of this point. (See id. at 10, Doc. 56-1). McLean argues that the court may not consider the communications that Dec cites because these communications are not "integral to or explicitly relied upon" in McLean's counterclaim. (See Doc. 61 at 6 (citation omitted)). Rather, McLean points out that his slander claim alleges that Dec "has reiterated and repeated his misrepresentation to [Palmetto] and others that McLean stole $3.6 million, including, for example, by referencing Dec's suit against McLean." (See Docs. 51-1 ¶ 186, 61 at 5-7).

6

The statute of limitations for slander in Pennsylvania is one year. 42 PA. CONS. STAT. § 5523(1). McLean's slander claim does not appear to be time-barred because, among other reasons, Dec brought the instant suit against McLean in the same year that McLean has sought to file his proposed counterclaim and the court is dealing with allegations, not evidence. Therefore, McLean's proposed slander counterclaim is not futile.

### C.    Bad Faith and Undue Delay

Dec contends that McLean's proposed amendment is brought in bad faith and with undue delay as a litigation tactic to forestall resolution of this case. (See Doc. 56 at 10-13).

It is well-established that "delay alone is an insufficient ground to deny leave to amend." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Nevertheless, "delay will become undue" when it will either burden the court or unfairly burden the opposing party. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citation and quotation marks omitted). "Delay may become undue when a movant has had previous opportunities to amend a complaint . . . and when allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013) (internal citation and quotation marks omitted). Allegations of bad faith and undue

7

delay require the court to analyze the party's motivation for not asserting the claims earlier. See Adams, 739 F.2d at 868.

Dec relies on Vizant Techs., LLC v. Whitchurch, No. 2:15-CV-431, 2015 WL 4505958 (E.D. Pa. July 23, 2015), in support of his argument. Vizant involved a former employer that sued two former employees after the dismissal of a related state-court case between the parties. Id. at *1-2. Nearly two months after filing their answer, defendants sought to amend their answer and assert counterclaims. Id. at *2. Central to the court's denial of defendants' motion to amend was that "defendants were aware of the facts and allegations underlying their counterclaim well before they docketed their answer[.]" Id. at *4.

Dec has not demonstrated bad faith or undue delay. As noted earlier, McLean's motion is timely in accordance with the court's scheduling order. (See Doc. 49 ¶ 2). And Dec's reliance on Vizant is misplaced. Unlike in Vizant, where the defendants "were aware of the facts and allegations underlying their counterclaim well before they docketed their answer," McLean contends that the proposed new averments and counterclaims result from, among other things, fact discovery in this case, which he could not have known when he filed his original answer. (See Doc. 52 at 4); Vizant, 2015 WL 4505958 at *4. For example, in an interrogatory response served after McLean filed his answer, Dec noted that he directed shipment of goods paid for by Appolyon to "Nelson Hardware." (See Doc. 61-1 at ¶ 18). McLean's proposed amendment maintains that Appolyon has never held itself out as Nelson Hardware nor operated at

8

the address listed for Nelson Hardware, and thus Dec's admission supports McLean's derivative counterclaim of unjust enrichment on behalf of Appolyon because Appolyon never received the goods for which it had paid. (See Doc. 51-1 at ¶¶ 138-139, Doc. 61 at 8). Nor would the addition of these counterclaims result in substantial additional litigation costs as "[t]he common nucleus of operative facts giving rise to" these counterclaims is largely the same set of facts that undergird Dec's complaint and that have animated fact discovery thus far. See Scranton Prods., Inc. v. Bobrick Washroom Equip., Inc., No. 3:14-CV-00853, 2016 WL 7330580, at *2 (M.D. Pa. Dec. 16, 2016). And so, the court determines that McLean's motion to amend is not rooted in bad faith or undue delay.

### D. Prejudice

Dec contends that McLean's delay in seeking to amend his answer would prejudice Dec by increasing the cost of litigation and by delaying the resolution of this case. (See Doc. 56 at 14).

There is no doubt that having to defend against McLean's counterclaims would prejudice Dec. But this does not rise to the level of "undue prejudice" as Foman requires. See Foman v. Davis, 371 U.S. at 182. As noted above, McLean did not unduly delay in filing the instant motion to amend. Nor would granting this motion lead to substantially increased litigation costs as these proposed counterclaims largely arise out of the same set of facts that the parties have litigated thus far. See Scranton Prods., 2016 WL 7330580 at *2. Thus,

permitting McLean to pursue these counterclaims would not unduly prejudice Dec.

V.     **Conclusion**

Federal Rule of Civil Procedure 15 provides a liberal standard for amendment. McLean has satisfied this standard by demonstrating that his proposed amendment is not futile, is not unduly delayed or animated by bad faith, and will not cause Dec undue prejudice. Dec, conversely, fails to establish that McLean and his counsel are inadequate to bring derivate claims under Federal Rule of Civil Procedure 23.1(a). Therefore, the court will grant McLean's motion to amend his answer and assert counterclaims. An appropriate order shall issue.

                                                /S/ KELI M. NEARY
                                                Keli M. Neary
                                                United States District Judge
                                                Middle District of Pennsylvania

Dated:    March 24, 2025